**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEFFERY KINZLE,

           Petitioner-Appellant,

v.

ERIC JACKSON,

           Respondent-Appellee,

 and

STATE OF WASHINGTON; PATRICK
R. GLEBE,

           Respondents.

No.   20-35747

D.C. No. 2:14-cv-00703-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted February 7, 2022
Seattle, Washington

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BYBEE and CHRISTEN, Circuit Judges, and SELNA,[**] District Judge.

Petitioner Jeffrey Kinzle seeks relief from the district court's denial of his federal habeas petition. Although Kinzle concedes that he was mentally competent to stand trial and engage in plea negotiations through the duration of proceedings, he alleges that his trial counsel was deficient for failing to investigate, discover, and address his mental condition, thereby depriving him of the ability to intelligently consider and accept a plea agreement. The district court granted deference to the last-reasoned state court opinion from the Commissioner of the Washington Supreme Court (Commissioner) under 28 U.S.C. § 2254(d). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we deny the petition.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we defer to the state court decision on the merits of any claim unless that decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Staten v. Davis*, 962 F.3d 487, 494 (9th Cir. 2020) (quoting 28 U.S.C. § 2254(d)(1)). When evaluating a petition under AEDPA deference, we look to the last-reasoned state court decision. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018);

---

[**] The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

2

*Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). Where "the last reasoned decision adopted or substantially incorporated the reasoning from a previous decision" it is "reasonable for the reviewing court to look at both decisions to fully ascertain the reasoning of the last decision." *Id.* at 1093.

Here, the Commissioner incorporated the reasoning of the Washington Court of Appeals when evaluating Kinzle's IAC claim. The Commissioner recited and applied the appropriate prejudice standard, requiring Kinzle to demonstrate a "reasonable probability" that he would have accepted the plea agreement absent his counsel's allegedly deficient performance. *See Lafler v. Cooper*, 566 U.S. 156, 163–64 (2012). The Commissioner's reasoning—that the relationship between the allegedly deficient performance and Kinzle's decision to reject the plea agreement was "too speculative" to establish a reasonable probability of a different result—was not "unreasonable" in light of the circumstances. Even crediting as relevant Kinzle's declaration that he would have accepted the plea had he been in a better mental state, the record provides ample evidence to the contrary. Throughout proceedings in state court, Kinzle made cogent statements about his decision to reject the plea at issue here and go to trial—as well as about the reasons for his disagreements with his lawyer. Indeed, he accepted a separate plea related to his failure to register as a sex offender. Moreover, as the Commissioner and

3

Washington Court of Appeals noted, the logical chain necessary to demonstrate prejudice would have required that any investigation by Kinzle's counsel prompt changes to Kinzle's treatment plan sufficient to induce this desired mental state, presumably while simultaneously securing a continuance of proceedings. Neither Kinzle's nor his expert's declaration demonstrates a reasonable probability that an investigation would have resulted in such an outcome. Accordingly, based on the evidence in the record, the Commissioner did not unreasonably apply clearly established federal law.

**PETITION DENIED**